## SUPREME COURT.

### CHADWICK agt. BOOTH and others.

Whe.e the plaintiff, in an action on a promissory note, alleges that he became enti-
tled to the note by transfer and delivery (stating the manner) and the answer
denies this on information and belief, the denial is sufficient to put the *ownership*
in issue.

The denial that the plaintiff is the "lawful owner and holder" of the note, is of
just as much and no more effect, as the averment in the complaint that the
plaintiff is the "lawful owner and holder," and both are superfluous. This alle-
gation should not be inserted in the complaint; it only tends to embarrassment.

*New York Special Term, October*, 1861.

MOTION for judgment, on the ground of the frivolousness
of the answer.

BARNARD, Justice. The allegations in the complaint
whereby plaintiff seeks to show his title to the note are,
" and thereupon duly indorsed the said note by their said
firm name in blank, and duly transferred and delivered the
same, and afterwards the lawful holders thereof duly trans-
ferred and delivered the same so indorsed, to the plaintiff,
who is now possessed thereof, and the lawful owner and
holder thereof."

The second defence is : " Defendants allege and aver,
that the note was made and endorsed by defendants, and
by them delivered to a person other than the plaintiff, with
whom defendants had business transactions, and defendants
deny that they have any knowledge or information suffi-
cient to form a belief whether or not said note was there-
after duly transferred and delivered by the lawful or other
holders thereof, to the plaintiff; and the defendants fur-
ther deny that they have any knowledge or information
sufficient to form a belief whether or not the plaintiff is the
lawful owner and holder of said note."

Plaintiff alleges that he became entitled to the note by
transfer and delivery ; this the answer denies. That denial

is sufficient to put the ownership in issue. The addition of the averment, that " plaintiff is now possessed of it," is entirely superfluous. The law would have presumed this from the previous allegation. Possession gives no title, unless it be the result of indorsement and delivery, or at least of delivery from the lawful owner. Plaintiff has chosen to aver that he did so become possessed, and the defendants have denied that averment. It is true that on the trial the mere production by plaintiff from his possession of a note indorsed in blank (the making and indorsement being admitted, but the transfer and delivery being in issue) would, in the first instance, establish his title.

This, however, is on the ground that possession of such note is *prima facie* evidence of the transfer and delivery thereof by a previous lawful owner to the possessor ; but the defendant (his answer raising that issue) could nevertheless disprove that the note was ever transferred and delivered to the plaintiff by a previous lawful owner, which he might do in various ways, as by showing that the note had been lost by the owner and found by the plaintiff, or that it had been stolen from the owner, and delivered by the thief to the plaintiff.

The facts to be proved in such case (to wit, a case where the making and indorsement in blank are admitted, but an issue is raised as to the delivery and transfer to the plaintiff,) to show the plaintiff's title, and to sustain his action, are transfer and delivery by a lawful person to him. Possession of a note is never evidence to prove these facts.

Consequently, an answer which denies the facts is sufficient, without denying an averment of a matter which is, at best, but *prima facie* evidence of the facts denied.

The denial that the plaintiff is the lawful owner and holder is of just as much and no more effect as the averment in the complaint that the plaintiff is the lawful owner and holder.

If the plaintiff claims anything from this allegation in

his complaint, then the allegation is fully met; if he claims nothing from it, then the denial goes for nothing, and both the allegation and denial are superfluous. Indeed, this allegation should not be inserted in the complaint; it only opens the door for embarrassment.

Motion denied, on the sole ground that the title of the plaintiff to the note is sufficiently put in issue, without prejudice to the plaintiff to make such motion, under section 152 or 160, as he may be advised.